JAMES WESTWATER v. SCIOTO VALLEY POOL CO.

TIME TO MAKE DEMAND FOR INCREASED COST OF AN IMPROVEMENT OCCA-
SIONED BY DELAY OF CONTRACTEE.

A contractor being stopped in the progress of a work and not
permitted to resume it until a change in season was such as.
to demonstrate its increased cost of construction, if he intended
to make claim for the difference in cost, should decline to pro-
ceed unless the contractee should· agree to reimburse him there-
for; continuing and completing the work, according to the
terms of a written contract, without such demand being made
until suit is brought precludes recovery for any excess cost.
thereby incurred.

ERROR to Cuyahoga common pleas court.

*J. G. Westwater,* for plaintiff in error.

*J. E. Todd,* for defendant in error.

## SULLIVAN, J.

The number of yards of concrete being agreed upon, and
the sole dispute between the parties in this cause of action being
the price to be paid .therefor, the testimony of the witness Griggs
as to the number of yards could not prejudice the claim of plain-
tiff in error.

Furthermore, no motion was interposed by plaintiff in error·
to strike out this part of the witness's testimony, and, therefore,
the point was not saved, even if the evidence had been prejudi-
cial.

The court below properly excluded the proposal of plaintiff
in error. Where a written contract is. entered into, it is pre-
sumed to contain all stipulations agreed upon between the·
parties; that the written instrument is the result of all negotia-
tions between the parties prior to its execution, and the very
purpose of reducing it to writing is to preclude the claim being
made for any stipulations not contained in it. If plaintiff in
error desired to have incorporated in the contract the provision
proposed to be proven by the proposal and it was agreed upon,.
it should have been made a part of the instrument. The fact
that in no one of the accounts rendered by plaintiff in error is.

Franklin County.

there any claim made for damages for delay is of itself strong evidence that the provision of the proposal desired to be shown was purposely omitted.

The judgment of the court is the same as a verdict of a jury. A reviewing court, in the consideration of the record, to determine whether the judgment is against the weight of evidence, must observe the same rules established to determine whether a verdict is wrong for the same reason.

When plaintiff in error was stopped in the progress of the work, and not permitted to resume until the change in the season was such as to demonstrate that it would cost more to do the work, he should have then declined to proceed, unless the defendant in error would agree to pay the difference in cost, if he then intended to prefer a claim for such increase. If he then had such claim in mind, it was his duty at that time to decline to proceed unless the defendant agreed to pay the increased cost occasioned by its delay and made claim for the work and material furnished and done up to that time. The fact that he did not do this is evidence that such claim was an afterthought, when considered in connection with the fact that he made no such claim until he brought suit. The first account including a charge for concrete in the coal pit, it fixed the price at $5.85; the next at $7.50. It is reasonable to assume that he was better able to determine its price just at the completion of the work than months thereafter. The price fixed at the first time supports the claim made that its reasonable value was six dollars.

The reviewing court is without opportunity in an error proceeding to judge of the credit that should be given to the witnesses. In this respect the trial judge has the better opportunity. Therefore, it is only when a judgment rendered by a court or a verdict by a jury is so manifestly against the weight of the evidence as to indicate a mistake in weighing the evidence, or bias or prejudice. A review of the evidence contained in the record in this case does not, in our judgment, show either.

The judgment will, therefore, be affirmed at plaintiff's costs.

**Dustin** and **Allread, JJ.,** concur.